**IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE**
**FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT JACKSON**

| | |
|---|---|
| KEVIN M. WILSON, <br><br> Plaintiff, <br><br> vs. <br><br> STEVEN C. MARTIN and <br> BANCROFT AND SONS <br> TRANSPORTATION, LLC, <br><br> Defendants. | CAUSE NO. C-22-26 <br> JURY DEMANDED <br><br> DIV. II |

*FILED JAN 31 2022 KATHY BLOUNT, CIRCUIT COURT CLERK, DEPUTY CLERK A.M. __ P.M.*

## COMPLAINT

**COMES NOW**, the Plaintiff, Kevin M. Wilson, by and through his undersigned counsel, and files this Complaint against Defendants Steven C. Martin and Bancroft and Sons Transportation, LLC. Mr. Wilson seeks recovery for personal injuries and damages incurred in a vehicle collision. In support of his prayer for relief, Mr. Wilson respectfully states as follows:

### PARTIES

1. The Plaintiff, Kevin M. Wilson ("Plaintiff"), is an adult resident of Shelby County, Tennessee.

2. The Defendant, Steven C. Martin ("Defendant"), is an adult resident of Tarrant County, Texas and may be served with process at 6137 Perch Street Fort Worth, Texas 76179.

3. The Defendant Bancroft and Sons Transportation, LLC (hereinafter, "B & S Transportation") is a limited liability company with its principal place of business in Grand Prairie, Texas. Defendant B & S Transportation may be served with process through its registered agent: Charles C. Bancroft, Sr., 3390 High Prairie Road, Grand Prairie, Texas 75050.

4. Defendant Steven Martin was operating a commercial vehicle owned by B & S Transportation and was an employee working for and under the control of Trucking.

## JURISDICTION AND VENUE

5. This cause of action arises out of a motor vehicle collision that occurred in Madison County, Tennessee on February 2, 2021. Venue is properly situated in Madison County pursuant to Tenn. Code Ann. § 20-4-101(a).

6. This court has *in personam* jurisdiction over the Defendants Steve Martin and B & S Transportation because the acts and omissions giving rise to this action were committed in whole or in part in the State of Tennessee.

7. As a court of general jurisdiction, this Court has subject matter jurisdiction over this matter pursuant to Tenn. Code Ann. § 16-10-101.

## FACTS

8. Plaintiff reasserts and incorporates by reference all allegations made elsewhere in this Complaint.

9. On the afternoon of Tuesday, February 2, 2021, Plaintiff Kevin Wilson was driving eastbound in the right lane on Interstate 40 in Jackson, Tennessee.

10. Plaintiff was driving his commercial vehicle, a 2000 Freight Truck-Tractor (VIN #1FUPCSZB4YDA97712).

11. During that same time, Defendant Steven C. Martin was also travelling eastbound in the right lane on I-40 in Jackson, Tennessee.

12. Defendant was driving his commercial vehicle, a 2021 International Truck-Tractor (VIN #3HSDZAPR7MN157644) and was travelling directly behind the Plaintiff.

13. While Plaintiff was slowing down his commercial vehicle to yield to another construction vehicle that was on the road, Defendant struck and rear-ended Plaintiff's commercial vehicle.

14. At all relevant times, Plaintiff Wilson was operating his vehicle in a safe, cautious, and prudent manner.

15. At all relevant times, Plaintiff Wilson was traveling at or below the applicable speed limit.

16. At the relevant times, Defendant Steven Wilson had possession of alcohol and drugs, and may have been under the influence of alcohols and/or drugs at the time of subject vehicle collision.

17. Defendant Steven Martin negligently failed to use reasonable caution in the operation of his commercial vehicle by failing to keep a safe lookout, failing to see what was there to be seen, failing to maintain a safe distance, and failing to maintain proper control of his vehicle.

18. Plaintiff Kevin Wilson did not have the opportunity to avoid the collision, and as a direct and proximate result of Defendants' action, Plaintiff has suffered personal injuries and other damages to be more particularly described hereinafter.

## CAUSES OF ACTIONS

### Count I:
### Negligence

19. Plaintiff reasserts and incorporates by reference all allegations made elsewhere in this Complaint.

20. At all relevant times, Defendant Steven Martin owed a duty to exercise reasonable care in the operation of his commercial motor vehicle.

3

21. Defendant Martin's duty to exercise reasonable care included the duty to yield the right of way, to maintain a proper lookout, to see what was there to be seen, to maintain control of his vehicle, to refrain from impeding the normal and reasonable movement of traffic, and to devote full time and attention to safely operating his vehicle.

22. Defendant Steven C. Martin has breached the above-mentioned duties and Martin's breach of duty was the direct and proximate cause of the injuries and damages suffered by Plaintiff Kevin Wilson.

## Count II:

## Negligence Per Se

23. Plaintiff reasserts and incorporates by reference all allegations made elsewhere in this Complaint.

24. At all relevant times, the following statutes of the State of Tennessee and ordinances of the City of Memphis were in full force and effect:

   (a) Tenn. Code Ann. § 55-8-103. Crimes and offenses.
   (b) Tenn. Code Ann. § 55-8-124. Following another vehicle
   (c) Tenn. Code Ann. § 55-8-136. Due care.
   (d) Memphis Municipal Code § 11-16-2. Duty to devote full time and attention to operating vehicle.
   (e) Memphis Municipal Code § 11-16-3. Duty to drive at safe speed, maintain lookout and keep vehicle under control.
   (f) Memphis Municipal Code § 11-16-20. Following too closely.

25. Each of the above-listed statutes and ordinances imposes a duty or prohibits an act for the benefit of the public.

26. Plaintiff Kevin Wilson was within the class of persons whom state and local legislators intended to benefit and protect when they enacted the above-listed statutes and ordinances.

27. By following Plaintiff's vehicle too closely and failing to maintain proper lookout and control of his commercial vehicle, Defendant Steven Martin violated the above-listed statutes and ordinances.

## Count III:
## Negligent Hiring, Supervision and Training

28. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

29. Plaintiff alleges, upon information and belief, that Defendant Bancroft and Sons Transportation knew, or in the exercise of due diligence and reasonable inquiry, should have known of Defendant Steven Martin's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

30. Plaintiff alleges that Defendant B & S Transportation is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages, to wit:

   a. Negligent training of Defendant Martin;

   b. Negligent supervision of Defendant Martin;

   c. Negligent hiring of Defendant Martin; and

   d. Other acts and/or omissions to be shown at the trial of this cause.

## Count IV:
## Negligent Entrustment

31. Plaintiff reasserts and incorporates by reference all allegations made elsewhere in this Complaint.

32. Plaintiff alleges that Defendant B & S Transportation negligently and/or recklessly entrusted the subject company vehicle to Defendant Steven Martin on the date of the subject collision.

33. As a result of the negligence and/or recklessness of Defendant Steven Martin while driving the commercial vehicle entrusted to him by Defendant B & S Transportation, Plaintiff suffered serious and permanent injuries and damages.

34. Defendant B & S Transportation is liable for all of Plaintiff's injuries and damages under the theory of negligent entrustment.

## INJURIES AND DAMAGES

35. Plaintiff reasserts and incorporates by reference all allegations made elsewhere in this Complaint.

36. As a direct and proximate result of the above-described breaches and violations of the common law and the statues of Tennessee by Defendants, Plaintiff has suffered injuries and damages, including but not limited to:

    (a) Serious and painful physical injuries;

    (b) Past, present, and future physical and emotional pain and suffering;

    (c) Past, present, and future mental anguish and emotional distress;

    (d) Past, present, and future lost wages;

    (e) Past, present, and future medical expenses;

    (f) Temporary and permanent impairment and disability;

    (g) Certain other reasonable and necessary healthcare expenses, prescription expenses, certain transportation expenses to and from healthcare

providers, and other out-of-pocket expenses, the nature and amount which is yet to be determined;

(h) Loss of quality and enjoyment of the normal pleasures of life, past, present, and future;

(i) Loss of future earning capacity;

(j) Inconvenience; and

(k) Other damages to be proven at trial.

## PRAYER FOR RELIEF

For all reason stated above, the Plaintiff respectfully requests the following relief:

(a) For a judgment against the Defendants for damages, to be determined by the jury, in an amount of One Million Dollars ($1,000,000.00) to compensate the Plaintiff for all injuries and damages.

(b) For all general and special damages caused by the herein alleged conduct of Defendants;

(c) For a jury trial;

(d) Pre-judgment and Post-judgment interest, and

(e) For all other relief to which Plaintiff may be entitled under Tennessee law.

(f) Plaintiff respectfully pray for damages as they may appear on the trial of this cause reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief as the court and jury deem just.

Respectfully submitted,

REAVES LAW FIRM, PLLC

*/s/ Geoffrey Lewter*

GEOFFREY LEWTER, #23753
*Attorney for Plaintiff*
1991 Corporate Avenue, Suite 310
Memphis, Tennessee 38132
Phone (901) 417-7166
Facsimile (901) 328-1352
geoffrey.lewter@beyourvoice.com

8

| Madison County | **STATE OF TENNESSEE**<br>**CIVIL SUMMONS**<br>page 1 of 1 | Case Number<br>C-22-24 |
|---|---|---|

| Kevin M. Wilson | Vs. | Steven C. Martin and Bancroft and Sons Transportation |
|---|---|---|

Served On:

Bancroft and Sons Transportation, LLC   Registered Agent: Charles C. Bancroft, Sr.

3390 High Prairie Road, Grand Prairie, Texas 75050

You are hereby summoned to defend a civil action filed against you in ___Circuit___ Court, ___Madison___ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: __1/31/22__          _____
                                     Clerk / Deputy Clerk

Attorney for Plaintiff:   Geoffrey Lewter, Esq. #23753/Reaves Law Firm, PLLC
                          1991 Corporate Avenue, Suite 310, Memphis, TN 38132

**NOTICE OF PERSONAL PROPERTY EXEMPTION**

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to   _____, _____ Clerk, _____ County

**CERTIFICATION (IF APPLICABLE)**

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____                    _____
                                        Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

(stamp: ATTORNEY SERVE TO)

Date: _____                    By: _____
                                        Please Print: Officer, Title

_____                  _____
Agency Address                          Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____                    _____
                                        Notary Public / Deputy Clerk (Comm. Expires _____ )

_____                  _____
Signature of Plaintiff                  Plaintiff's Attorney (or Person Authorized to Serve Process)
                                        **(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

*Rev. 03/11*

| __Madison__ County | **STATE OF TENNESSEE** <br> **CIVIL SUMMONS** <br> page 1 of 1 | Case Number <br> C-22-26 <br> DIV. II |
|---|---|---|
| | Kevin M. Wilson   Vs.   Steven C. Martin and Bancroft and Sons Transportation | |

Served On:

__Steven C. Martin__   __6137 Perch Street, Fort Worth, Texas 76179__

You are hereby summoned to defend a civil action filed against you in __Circuit__ Court, __Madison__ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: __1/31/22__                                              _____
                                                                  Clerk / Deputy Clerk

Attorney for Plaintiff:   __Geoffrey Lewter, Esq. #23753/Reaves Law Firm, PLLC__
                          __1991 Corporate Avenue, Suite 310, Memphis, TN__ 38132

**NOTICE OF PERSONAL PROPERTY EXEMPTION**

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

**CERTIFICATION (IF APPLICABLE)**

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____                         _____
                                                    Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

_____

Date:_____                By:_____
                                         Please Print: Officer, Title

_____                     _____
Agency Address                           Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____                    _____
                                              Notary Public / Deputy Clerk (Comm. Expires _____ )

_____                          _____
Signature of Plaintiff                        Plaintiff's Attorney (or Person Authorized to Serve Process)
                                              **(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at (   ) _____.*

*Rev. 03/11*